**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret Dominguez, individually and on behalf of Samuel Dominguez, a minor child,<br><br>    Plaintiffs,<br><br>vs.<br><br>Officer Denny (Badge No. 8794) et al.,<br><br>    Defendants. | No. CV 10-1173-PHX-MHM<br><br>**ORDER** |

The Court has before it the Defendants' Motion to Dismiss Certain Claims. (Doc. 9) Having reviewed the motion, as well as the Plaintiffs' response and the Defendants' reply and having determined that oral argument is unnecessary, the Court issues the following order.

**I.    Background**

On April 23, 2010, Plaintiff Margaret Dominguez, individually and on behalf of her minor son, Samuel Dominguez ("the Plaintiffs") filed a complaint against numerous police officers as well as the City of Phoenix. In the complaint, Plaintiffs allege that on May 4, 2009, 15-year old Samuel Dominguez was with his friend Joshua Odell Mackey outside Joshua's house, waiting for Samuel's mother, Plaintiff Margaret Dominguez, to arrive and give him a ride home. As the two were waiting outside, they noticed a City of Phoenix police car down the street as well as police officers who appeared to be arresting a boy. As

1  they approached the police car, they realized that the boy being arrested was Joshua's brother.

2  The complaint alleges that around the same time, Margaret Dominguez arrived at
3  Joshua's house and sat in her Jeep waiting for her son.  Samuel and Joshua walked back to
4  Joshua's house and Margaret told them to get into the vehicle.  As Margaret and Samuel were
5  preparing to leave, Margaret's vehicle was suddenly swarmed by multiple police officers.

6  According to the complaint, one of the officers, alleged to be officer Klein, opened
7  the driver side door and forcefully pulled Margaret out of her vehicle in a manner which
8  exceeded the level of reasonable force which would have been necessary to arrest her.
9  Officers Klein and Shaw then allegedly arrested Margaret in an aggressive, violent and
10 forcefully excessive manner.

11 According to the complaint, Samuel begged the officers to leave his mother alone, and
12 as he exited the vehicle to ask them to stop hurting her, two officers believed to be Officers
13 Denny and Conn lunged at him and violently slammed him down onto the hard ground.  A
14 third officer, believed by the Plaintiffs to be Officer Flores, allegedly assisted Officers Denny
15 and Conn in physically accosting Samuel.  The complaint also alleges that after Samuel had
16 been physically restrained that Officer Denny proceeded to knee and punch him repeatedly
17 in the face and head, and finished the assault by forcing Samuel's face down into the rocks
18 on the ground and grinding his face back and forth.  Plaintiffs allege that Officers Conn and
19 Flores either assisted in facilitating Officer Denny's assault and physical of Samuel or at least
20 failed to intervene in his brutal attack.

21 On April 23, 2010, Margaret Dominguez individually and on behalf of Samuel
22 Dominguez, filed a complaint in state court asserting claims against a number of Defendant
23 Officers and their spouses, including Officer Denny (Badge No. 8794) and Jane Doe Denny,
24 Officer Shaw (Badge No. 9206) and Jane Doe Shaw, Officer Flores (Badge No. 8659) and
25 Jane Doe Flores, Officer J. Conn (Bad No. 9405) and Jane Doe Conn.  The Complaint also
26 names the City of Phoenix and John and Jane Does I-X.  The Complaint asserts five counts:
27 1) Assault and Battery and exceeding the minimal amount of force reasonably necessary to
28 accomplish a lawful purpose, in violation of A.R.S. §13-3881(B); 2) False Imprisonment; 3)

1  Negligence Per se, for violation of §13-3881(B); 4) Willful or Wanton Negligence which
2  also includes allegations pertaining to A.R.S. §13-3881(B).  For each of these four counts,
3  Plaintiffs assert that the Defendant Officers were acting "in concert" and that they are jointly
4  and severally liable for all of the conduct of the other officers pursuant to A.R.S. §12-2506
5  and that the City is responsible on the basis of Respondeat Superior.

6  Plaintiffs also assert a fifth count entitled 5) "Civil Rights".  In Count 5, Plaintiffs
7  allege that each Defendant Officer, acting under color of state law, knowingly, willfully and
8  intentionally deprived Plaintiffs of the rights, privileges and immunities secured by the laws
9  and constitutions of the United States and State of Arizona.  Plaintiff alleges that this
10 occurred through the unreasonable use of excessive force, unlawful detention and wrongful
11 imprisonment and subjecting the Plaintiffs to substantive due process rights violations and
12 imposing summary punishment.  Plaintiff also asserts that the City deprived the Plaintiffs of
13 the rights privileges and immunities secured by the laws and constitution of the United States
14 and State of Arizona by maintaining policies that contributed to the illegal actions of the
15 Defendant Officers, by hiring the Defendant Officers without reasonably investigating them,
16 for failing to train or supervise the Defendant Officers and for failing to adequately
17 discipline, demote or terminate the Defendant Officers.  Plaintiffs seek damages, medical
18 expenses, punitive damages, attorneys' fees as well as costs.  On June 2, 2010 the case was
19 removed to Federal District Court.

20 **II.    Motion to Dismiss**

21 On June 29, 2010, the Defendants filed a Motion to Dismiss Certain Claims.  The
22 Defendants assert that 1) the Plaintiffs fail to assert a claim for negligence "per se" and that
23 "willful" and "wanton" negligence should not constitute a claim separate or distingushed
24 from the negligence claim. Defendants also claim that 2) Plaintiff Margaret Dominguez fails
25 to state a claim for assault and battery and false imprisonment against Officers Denny, Conn
26 and Florez and that Plaintiff Samuel Dominguez fails to state a claim for battery and false
27 imprisonment against officers Klein and Shaw because Plaintiffs have not offered any facts
28 supporting their claims that the Defendant Officers were acting "in concert." The Defendants

- 3 -

also assert that 3) Plaintiffs' claims for violation of substantive due process and right to freedom from summary punishment fail as a matter of law. In addition, the Defendants argue that, 4) the City of Phoenix is immune from liability under A.R.S. §12-820.05(B) for Samuel's claims of assault and battery and willful or wanton negligence as well as both Plaintiffs' claims of false imprisonment. Finally, Defendants argue that 5) Count Five of Plaintiff's complaint fails to state a civil rights claim against the City.

On July 13, 2010 Plaintiffs filed a response to the motion to dismiss. (Doc. 11). The Plaintiffs concede that the Court should dismiss some though not all of the claims the Defendants move to dismiss, and that their complaint does not provide allegations to support certain of their claims. On July 23, 2010, Defendants filed a reply in support of the motion to dismiss. The response and reply are addressed in greater detail as necessary below.

**III.    Discussion**

**A.    Negligence Per Se and Willful and Wanton Negligence.**

The Defendants argue and the Plaintiffs agree, that Plaintiffs' Count Three for negligence per se should be dismissed. Defendants also argue and Plaintiffs agree that the complaint's references to "willful" and "wanton" as distinct classes of negligence are improper. Plaintiffs ask for leave to amend the complaint to remove references to "willful" and "wanton" negligence. Defendants do not object. The Court will grant Plaintiffs' request for leave to amend to remove references to "willful" and "wanton" negligence as distinct classes of negligence. Plaintiffs' claim for negligence will remain.

**B.    Margaret Dominguez's Claims against Officers Denny, Florez and Conn and Samuel Dominguez's Claims against Officers Klein and Shaw**

The complaint alleges in part that all of the Defendant officers acted in concert with regard to the Plaintiffs and that they are jointly and severally liable for all of the claims brought against them. Defendants' motion argues first that joint and several liability for acting in concert only applies to intentional torts, so that to the extent Plaintiffs attempt to extend joint and several liability to other claims such as negligence, the Court should dismiss those portions of the claims. Indeed, the statute is plain that "acting in concert does not apply

- 4 -

1 to any person whose conduct was negligent in any of its degrees rather than intentional."
2 A.R.S. §12-2506. Plaintiffs have not alleged that any other exception to the comparative
3 fault standard would apply. Therefore, the Court finds that Defendants cannot be jointly and
4 severally liable for the negligence claim.

5 Second, Defendants argue that Plaintiffs have not provided factual allegations
6 sufficient to support their claims that all of the Defendant Officers acted in concert even with
7 regard to the intentional tort claims. Defendants argue that according to the allegations in
8 the complaint, Plaintiff Margaret Dominguez has alleged facts allowing her to bring claims
9 against officers Klein and Shaw, but not against officers Denny, Conn, or Flores. Similarly,
10 the Defendants argue that the complaint alleges facts allowing Plaintiff Samuel Dominguez
11 to assert claims against officers Denny, Conn and Flores, but not officers Klein and Shaw.
12 Consequently, the Defendants ask that the Court dismiss Margaret Dominguez's intentional
13 tort claims against officers Denny, Conn and Flores as well as Plaintiff Samuel Dominguez's
14 intentional tort claims against officers Klein and Shaw.

15 The Plaintiffs respond that it would be impossible to discern specific facts to establish
16 any agreement or collaboration among the Officers without he opportunity to undertake
17 discovery. The Plaintiff's cite the case of Mohave Electric Cooperative v. Byers, 189 Ariz.
18 292, 306, 942 P.2d 451, 465 (Ct. App. 1997) and argue that circumstantial evidence may
19 establish the existence of an agreement or common plan.

20 Mohave Electric, however, as the Defendants point out in their reply, is
21 distinguishable, as the circumstantial evidence in that case was much more suggestive that
22 the defendants had acted in concert. The case involved whether an assistant manager could
23 be liable to the employer for wrongful acts committed by the general manager in connection
24 with expense advances. The circumstantial evidence included the fact that the defendants
25 jointly owned property, expenses for which had been paid with company advances and that
26 the funds has been spent for joint vacations and socializing. 189 Ariz. at 306, 942 P.2d at
27 465. In this case, the Plaintiffs only point to the officers' "command presence" -- i.e. the fact
28 that all the officers were present, in uniform and armed – and allege that this constitutes

- 5 -

1 active participation in the improper conduct of the other officers.

2     Merely being present during the alleged assault, however, would not be sufficient to
3 invoke joint and several liability. A.R.S. §12-2506(F)(1) (noting that each defendant must
4 "actively" take part in the particular intentional tort and stating that "provd[ing] substantial
5 assistance to one committing an intentional tort does not constitute acting in concert if the
6 person has not consciously agreed with the other to commit the intentional tort."); see also
7 Lightner v. County of Contra Costa, 2010 WL 1267121 at *3 (N.D. Cal. March 29, 2010)
8 (finding that Plaintiff alleging that two officers were involved in release of police dog must
9 allege factual support, and alleging only that they acted in concert with officer who actually
10 released dog was not sufficient to survive motion to dismiss, citing Taylor v. List, 880 F.2d
11 1040, 1045 (9th Cir. 1989)).

12     Plaintiffs have not alleged any facts to support their allegation that the Defendant
13 officers Denny, Conn and Flores acted in concert with respect to the alleged mistreatment
14 of Plaintiff Margaret Dominguez. Plaintiffs have also not alleged any facts to support their
15 allegation that Defendant Officers Klein and Shaw acted in concert with respect to alleged
16 mistreatment of Plaintiff Samuel Dominguez. Accordingly, Plaintiff Margaret Dominguez's
17 intentional tort claims against Officers Denny, Conn and Flores for assault, battery and false
18 imprisonment and Samuel Dominguez's intentional tort claims against Officers Klein and
19 Shaw for assault, battery and false imprisonment are dismissed.

20     **C.**     **Violations of Substantive Due Process, Right to Freedom from Summary Punishment**

21

22     The Defendants argue and the Plaintiffs agree that the claims in Count Five are based
23 upon Defendants' alleged violations of their Fourth Amendment rights as well as their
24 derivative rights under 42 U.S.C. § 1983. The Defendants also argue, however, that while
25 Plaintiffs have pled sufficient facts to support a Fourth Amendment claim under the United
26 States Constitution, Plaintiffs' allegations that the Defendants violated their substantive due
27 process rights and their right to freedom from summary punishment do not state cognizable
28 claims under federal or Arizona law. In their response, the Plaintiffs seek to amend their

1 complaint to dismiss references to substantive due process and freedom from summary
2 punishment. Rather than allow Plaintiffs to amend their complaint, however, the Court will
3 simply dismiss those claims.

### D. City's Immunity from Liability under A.R.S. §12-820.05(B)

The Defendants argue that the City is immune from Samuel Dominguez's claims for assault and battery, willful or wanton negligence as well as both Plaintiffs' claims for false imprisonment under A.R.S. §12-820(b). This immunity statute provides that a public entity may not be held liable for any losses "that arise out of...an act or omission determined by a court to be a criminal felony by a public employee" unless the public entity knew of the public employee's propensity for such action. Id. The Defendants cite State v. Heinze, 196 Ariz. 126, 130, 993 P.2d 1090 (Ct. App. 1999) in support of their argument. In that case, the court, interpreting a statute with similar language ruled that a felony conviction was not a prerequisite for the law to apply and that "any court may make the requisite determination." Id.

The Plaintiffs respond that in order for this statute to apply and for the City to be immune, a Court must previously have ruled in a criminal proceeding that a felony was committed. They argue that State v. Heinze is not applicable because in that case, unlike in this one, the parties stipulated that the conduct at issue was felonious. The Plaintiffs also argue that their negligence claims would not be sufficient to constitute a felony offense so that A.R.S. §12-820(b) would not apply.

In their reply, the Defendants argue that another court need not find that the conduct constitutes a felony in order for the City to have immunity under A.R.S. §12-820(b) and cite McGrath v. Scott, 250 F. Supp.2d 1218 (D. Ariz. 2003). In that case, the plaintiffs like the Plaintiffs here argued that a conviction was necessary in order for the immunity provision in A.R.S. §12-820(b) to apply. The McGrath court, however, applying the reasoning in Heinz, held that a felony conviction was not necessary and this Court agrees.

The Defendants also argue that because the Plaintiffs' negligence claim incorporates all previous allegations in the complaint, Plaintiffs have alleged felonious conduct by the

- 7 -

1 Defendant Officers in support of their negligence claims.

2 The Court finds that the allegations, particularly those supporting Samuel
3 Dominguez's claims for assault and battery, as well as both Plaintiffs' allegations supporting
4 their claims for negligence and false imprisonment suggest acts or omissions that could,
5 depending on the circumstances, constitute criminal felonies by public employees. Whether
6 the alleged acts or omissions committed, however, constitute a felony such that the City
7 would be immune under the statute cannot be determined at this stage in the litigation so
8 Defendants' request that the City be immunized from these claims is premature and the
9 motion to dismiss on this point is denied.

10 **E.    Allegations Regarding the City's Policies, Training and Hiring Procedures**

11 The Defendants assert and the Plaintiffs agree that the conclusory allegations in Count
12 Five regarding the City's policies, training and hiring procedures with regard to the
13 Defendant Officers fail to state a claim upon which relief can be granted. The Plaintiffs ask
14 the Court, without any authority, to reserve its ruling regarding dismissal of the civil rights
15 claims until Plaintiffs have had a reasonable opportunity to conduct discovery to be able to
16 assert sufficient allegations. While courts sometimes do defer dismissal of claims to allow
17 discovery for limited purposes, for example to establish jurisdiction, it would not be
18 appropriate for the Court to broadly reserve its ruling on dismissal of Plaintiffs' claims in
19 order to allow Plaintiffs to develop these speculative and conclusory claims, for which they
20 have offered no basis. See Rutman Wine Co. v. E.&J. Gallo Winery, 829 F.2d 729 (9th Cir.
21 1987) Therefore, these claims are dismissed without prejudice. Plaintiffs will be given the
22 opportunity to amend their complaint should they discover evidence to provide facts
23 supporting this claims.

24 Accordingly,

25 **IT IS HEREBY ORDERED**, granting in part and denying in part Defendants' motion
26 to Dismiss. (Doc. 9)

27 **IT IS FURTHER ORDERED**, dismissing Count Three of Plaintiff's complaint.

28 **IT IS FURTHER ORDERED**, dismissing Count Four of Plaintiff's complaint, to the

- 8 -

1 extent that count attempts to state a claim for willful or wanton negligence.  Count Four will
2 remain a claim for negligence.

3 **IT IS FURTHER ORDERED**, dismissing Plaintiff's claims that the Defendants are
4 jointly and severally liable with respect to Count Four.

5 **IT IS FURTHER ORDERED**, dismissing without prejudice Plaintiff Margaret
6 Dominguez's intentional tort claims against officers Flores, Conn and Denny, and dismissing
7 without prejudice Plaintiff Samuel Dominguez's claims against officers Klein and Shaw.

8 **IT IS FURTHER ORDERED**, dismissing the portions of Count Five pertaining to
9 substantive due process and freedom from summary punishment.

10 **IT IS FURTHER ORDERED**, dismissing without prejudice the portions of Count
11 Five pertaining to the  the City's policies, hiring and training and supervising, disciplinary
12 practices.

13 **IT IS FURTHER ORDERED**, permitting Plaintiffs to amend their complaint to
14 reflect the changes above.

15 **IT IS FURTHER ORDERED**, directing the Clerk to reassign this case.

16 DATED this 14th day of March, 2011.

_____
Mary H. Murguia
United States District Judge