**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret Dominguez, ) | No. CV 10-1173-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Andrew Shaw, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The court has before it defendants' motion to compel plaintiff's medical records (doc. 40), plaintiff's response (doc. 45), and defendants' reply (doc. 50).

Defendants move to compel plaintiff S.D. ("plaintiff") to produce all of his treatment records from Bright Alternatives, Inc. Defendants argue that plaintiff's counseling records are relevant because the counselor acknowledges in a letter that her notes contain statements plaintiff made to her regarding his version of the events during the May 2009 alleged police assault. Plaintiff asserts that the records are protected by the psychotherapist-patient privilege established in Jaffee v. Redmond, 518 U.S. 1, 116 S.Ct. 1923 (1970). Moreover, plaintiff contends that because he voluntarily dismissed all claims related to mental health damages, the records are no longer relevant.

Federal common law governs assertions of privileges in federal-question cases, even when there are pendent state law claims. Fed. R. Evi. 501 advisory committee note; Agster

v. Maricopa County, 422 F.3d 836, 839 (9th Cir. 2005). Here, it is clear that plaintiff's treatment records are protected by the psychotherapist-patient privilege because he met with a licensed counselor. Oleszko v. State Compensation Ins. Fund, 243 F.3d 1154, 1156-57 (9th Cir. 2001) (extending the psychotherapist-patient privilege to counseling conducted by an unlicensed counsel).

Defendants argue that plaintiff waived the privilege. When a plaintiff puts his emotional condition at issue, he waives the privilege protecting his psychological records. Maynard v. City of San Jose, 37 F.3d 1396, 1402 (9th Cir. 1994). Plaintiff voluntarily dismissed all claims for emotional distress and any damages related to mental health issues, so his emotional condition is no longer at issue. Defendants assert that plaintiff's mental state at the time of the incident is still at issue. Because the counselor's letter states that plaintiff "has an overactive fight-flight response," defendants contend those discussions are highly relevant to plaintiff's behavior at the time of the incident. MTC, Exs. C, D. Upon further review of the counselor's letter, however, it states that these symptoms began after the May 4, 2009 alleged police assault. Therefore, his discussions with the counselor are not relevant to his mental state at the time of the incident. Moreover, the mere fact that plaintiff discussed the incident with his counselor does not make the records relevant and discoverable. If that were the case, practically all counseling records would be discoverable.

Therefore, we find that the records are protected by the psychotherapist-patient privilege. Plaintiff has not waived the privilege because he dismissed all claims for emotional distress and emotional damages.

**ACCORDINGLY, IT IS ORDERED DENYING** defendants' motion to compel (doc. 40).

DATED this 12th day of August, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge