**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margaret Dominguez, individually and on behalf of S.D., a minor child,<br><br>    Plaintiffs,<br><br>vs.<br><br>Andrew Shaw; Kreg Klein; Alfonso Flores; Johnathon Conn; City of Phoenix; Unknown Denny,<br><br>    Defendants. | CV 10-01173-PHX-FJM<br><br>**ORDER** |

The court has before it defendants' motion for partial summary judgment (doc. 28), plaintiffs' response (doc. 37), and defendants' reply (doc. 53). This action arises out of the plaintiffs' arrests by defendants. Plaintiff Margaret Dominguez brings the action individually and on behalf of S.D., her minor son, asserting claims for (1) assault and battery, (2) false imprisonment, (3) negligence, and (4) excessive force and false imprisonment in violation of the Fourth Amendment, pursuant to 42 U.S.C. § 1983.

**I. Background**

When considering a motion for summary judgment, we take undisputed facts as true and evaluate disputed facts in the light most favorable to the non-moving party. Anthoine v. N. Cent. Cntys. Consortium, 605 F.3d 740, 745 (9th Cir. 2010). On May 4, 2009, fifteen year-old S.D. was waiting with his friend, J.M., outside J.M.'s house for a ride home from

plaintiff Margaret Dominguez. While waiting, the boys observed Phoenix police officers arresting someone. Upon approaching the scene, the boys discovered that police were arresting J.M.'s younger brother. J.M. reacted by becoming agitated. Police officers told the boys to leave. At some point soon after, the boys walked away and got into plaintiff Dominguez's car. After the boys entered the car, defendant Officer Klein forcefully pulled Dominguez out of the car.[1] S.D. became upset when his mother was removed from the car. He got out on the passenger side and walked quickly to the back of the car to find out why his mother was being arrested.

It is here that the stories diverge. Defendants allege that Officer Denny blocked S.D. in an attempt to prevent S.D. from reaching Officer Klein at the rear of the vehicle, and S.D. reacted by swinging his fists and striking Officer Denny. DSOF ¶ 25 (doc. 29). According to defendants, Officer Denny responded with a "sprawl move," a defensive move that tackled S.D. and drove him to the ground. Id. at ¶¶ 28-29. Plaintiff contends that when S.D. reached the back of the car, he was "violently slammed" onto the ground by defendants Denny and Conn. PSOF ¶ 9 (doc. 38). Both parties agree that in the course of handcuffing S.D., an officer placed his body on top of S.D.'s body, and Officer Denny struck S.D.'s body. Defendants aver that these strikes included about three to five closed-fist "hammer strikes" and about three to five knee strikes, administered as a part of Officer Denny's attempt to gain control over S.D. DSOF ¶ 35. The parties agree that Officer Flores intended to assist Officers Denny and Conn in taking S.D. into custody. Both parties appear to agree that the arrest of S.D. was effectuated once S.D. was secured in handcuffs. According to plaintiffs, even after S.D. was handcuffed, Officer Conn pressed his knee into S.D.'s back while Officer Denny struck S.D. multiple times on his head and face with his knee and fist. PSOF ¶ 11. Officer Denny then forced S.D.'s face down onto the gravel, grinding his face back and forth. Id. at ¶ 12. However, defendants state that neither Officer Conn nor Officer Denny used

---

[1] The parties dispute the circumstances leading up to plaintiff Margaret Dominguez's exit from the car, however this dispute is not material to the issues presented in this motion.

- 2 -

force on S.D. after he was handcuffed. DSOF ¶ 45. It is undisputed that S.D. suffered facial abrasions and Officer Denny sustained a scrape on his knee as a result of the altercation.

On March 17, 2010, the Superior Court of Arizona in Maricopa County adjudicated S.D. delinquent for the offenses of resisting arrest in violation of A.R.S. § 13-2508 and threatening and intimidating Officer Klein in violation of A.R.S. § 13-1202. DSOF, Ex. A at 4. This adjudication has not been reversed, appealed, or otherwise set aside. Defendants move for partial summary judgment to dismiss count four brought by S.D. under 42 U.S.C. § 1983.

## II. § 1983 Claims Against Officers Shaw and Klein

Defendants first move for summary judgment on the § 1983 claims asserted by plaintiff S.D. against Officers Shaw and Klein for failure to state a claim, arguing that there are no facts alleged in plaintiffs' amended complaint (doc. 25) suggesting that either officer violated S.D.'s Fourth Amendment rights. Plaintiff concedes that count four was not intended to assert civil rights claims against Officers Klein and Shaw on behalf of S.D. We therefore grant summary judgment to defendants Shaw and Klein on count four of the amended complaint.

## III. Application of Heck to S.D.'s Juvenile Adjudication

Defendants argue that plaintiff S.D.'s claims for false imprisonment and excessive force asserted in count four fail because they are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Under Heck, a person seeking to recover damages under § 1983 for conduct that, if unlawful, would render his criminal conviction invalid must show that the conviction has been reversed, expunged, declared invalid, or questioned by a federal court's issuance of a writ of habeas corpus. Id. at 486-87, 114 S. Ct. at 2376. In essence, Heck requires that a § 1983 action be dismissed if the conviction arises out of the same facts and "is fundamentally inconsistent with the unlawful behavior" for which damages are requested. Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).

As an initial matter, we note that S.D. was adjudicated a delinquent for resisting arrest. Courts have applied Heck to juvenile adjudications. See, e.g., Clark v. Conahan, 737 F.

Supp. 2d. 239, 254 (M.D. Pa. 2010) (applying Heck to § 1983 claim based on a juvenile adjudication); Knight v. Thomas, No. 1:06-CV-95-TS, 2008 WL 1957905, at *8-*9 (N.D. Ind. May 2, 2008) (same). But see Johnson v. Board of Sch. Comm'r, 1:09-cv-574-WTL-TAB, 2010 WL 3927753, at *3 (S.D. Ind., Oct. 1, 2010) (holding that Heck did not apply when state law dictates that an adjudication in juvenile court is not equivalent to conviction of a crime).

Under Arizona law, an adjudication by a juvenile court "shall not be deemed a conviction of crime." A.R.S. § 8-207(A). The Arizona Supreme Court has "always regarded the procedure in Juvenile Court as non-criminal," irrespective of its jurisdiction to adjudicate minors accused of criminal acts. Maricopa County Appeal No. J-68100 v. Haire, 107 Ariz. 309, 311, 486 P.2d 791, 793 (1971). An adjudication of delinquency does not result in the imposition of "civil disabilities" that normally result from a criminal conviction. Id. Any aggrieved party has the right to appeal a final order issued by a juvenile court to the Arizona Court of Appeals. A.R.S. § 8-235(A). Once a person adjudicated delinquent turns eighteen, he can apply to the juvenile court to set aside his delinquency adjudication. Id. § 8-348.

Although we recognize that Arizona treats minors who have committed a crime differently than adults who have committed the same crime, we see no reason to treat juvenile adjudications differently than adult convictions for the purposes of Heck analysis. The crucial issue in assessing whether Heck bars S.D.'s § 1983 claim is whether a finding by this court that the defendants' conduct warrants damages would necessarily invalidate the juvenile court's finding that S.D. engaged in illegal conduct. See Heck, at 487, 114 S. Ct. at 2372. Whether the juvenile court's finding is labeled a conviction or an adjudication is, for Heck purposes, irrelevant. A juvenile judged delinquent in Arizona has the opportunity to immediately appeal his adjudication, and can apply to have it set aside once he turns eighteen. We have in the record the final ruling from the juvenile court, which sets forth in detail the factual findings that led the court to conclude beyond a reasonable doubt that S.D. was delinquent for resisting arrest and threatening and intimidating Officer Klein. DSOF, Ex. A. We can examine this ruling under Heck to see if S.D.'s § 1983 claims "arise[] out of

the same facts" as, and would necessarily invalidate, this adjudication. See Smithart, at 352. If success on the § 1983 claim would undermine S.D.'s juvenile adjudication, which has not been reversed or set aside, the claim has not yet accrued.

## IV. False Imprisonment

To prevail on a false imprisonment claim, a plaintiff must show that there was no probable cause for his arrest. Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998). If there is no probable cause for an arrest, it necessarily follows that a conviction based on that arrest is invalid. Id. Thus, a § 1983 false imprisonment claim does not accrue under Heck until any conviction based on that arrest has been invalidated. Id. See also Shivers v. Phoenix Police Dept., CV 10-1175-PHX-GMS (JRI), 2010 WL 2743908, at *4 (D. Ariz. July 8, 2010) (same). S.D.'s arrest on May 4, 2009 led to an adjudication of delinquency for both resisting arrest and threatening and intimidating. DSOF, Ex. A. The adjudication has not been reversed or set aside. S.D.'s claim for false imprisonment, based on an arrest that underlies a valid adjudication, has not yet accrued. We therefore grant summary judgment to defendants on S.D.'s false imprisonment claim in count four.

## V. Excessive Force

S.D.'s final § 1983 claim alleges that defendant Officers Conn and Denny used excessive force while in the process of, and immediately after, handcuffing S.D. PSOF ¶¶ 9-13. As the result of the exchange between S.D. and the officers, the juvenile court adjudicated S.D. delinquent for resisting arrest. Defendants argue that the excessive force claim has not accrued under Heck because an award of damages to S.D. would necessarily imply that his adjudication for resisting arrest was invalid.

In Arizona, a person commits the crime of resisting arrest when he intentionally prevents someone he knows to be an officer from "effecting an arrest" by (1) using force or threatening to use force against the officer, or (2) creating a "substantial risk" of injury to the officer. A.R.S. § 13-2508(A). A person can only be found guilty of resisting arrest if the arresting officer's conduct when making the arrest was lawful. Mitchell v. Demski, CV 06-0969-PHX-MHM (MHB), 2007 WL 2023471, at *4 (July 11, 2007). This is because a

person cannot justifiably use force to resist arrest unless the officer uses unlawful (in other words, excessive) physical force. See A.R.S. § 13-404(B)(2); State v. Fontes, 195 Ariz. 229, 232, 986 P.2d 897, 900 (Ct. App. 1998). The court in Mitchell considered a § 1983 claim of a person who had been convicted of resisting arrest and assault. Applying Heck, the court examined plaintiff's claim that officers used excessive force during their attempt to arrest him. Mitchell, at *4. Because success on plaintiff's § 1983 claim "would necessarily imply the invalidity" of his conviction, the court held that this claim was barred by Heck. Id. at *5.

In this case, the juvenile court found that S.D. committed the crime of resisting arrest when he got out of the car, "rushed" towards Officer Klein, resisted Officer Denny and Conn's efforts to stop him, and "continued to struggle until he was [hand]cuffed." DSOF, Ex. A at 3-4. Any finding that the officers used excessive force during their attempts to handcuff S.D. would invalidate the juvenile court's adjudication. This is because in order to find that S.D. resisted arrest, the juvenile court would have to conclude that the officers' use of force in the process of arresting S.D. was lawful. Thus, S.D.'s claims that defendant officers used excessive force before he was completely handcuffed are barred by Heck.

However, S.D. also claims that Officers Denny and Conn continued to use excessive force even after he was handcuffed by striking him on the face and head and grinding his face into the gravel. PSOF, Ex. A at 3. Defendants contend that neither officer used any force on S.D. after he was handcuffed. DSOF ¶ 45. The question becomes whether S.D.'s claim of excessive force inflicted after he was placed into handcuffs is similarly barred by Heck.[2] Excessive force used after an arrest is complete "does not destroy the lawfulness of the

---

[2] Defendants argue that there is no material dispute with respect to force used after handcuffs were placed, because it is "clear from the juvenile court's findings that it determined that the officers stopped using force" after S.D. was handcuffed. MSJ at 11-12. We disagree. Although the juvenile court notes at one point that it finds the officers' testimony more persuasive, this was in specific reference to S.D.'s denial that he acted aggressively. See DSOF, Ex. A at 2. S.D. testified at his juvenile hearing that the officers continued to hit him after the officers had "put both hands behind my back and arrested me." DSOF, Ex. F at 55. The juvenile court did not definitively state that the officers did not use force after the arrest, focusing its opinion on the events leading up to S.D. being handcuffed.

arrest." Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001). This District has applied this principle to § 1983 claims by plaintiffs convicted of resisting arrest. Lavender v. Goins, CV 06-2208-PHX-DGC (DKD), 2007 WL 2288107 at *3 (D. Ariz. Aug. 8, 2007) ("if excessive force was used after a defendant was arrested, a § 1983 claim may proceed despite the conviction for resisting arrest that was itself lawful").

In the instant case there are two plausible stories put forth by plaintiffs and defendants. In plaintiffs' story, Officers Denny and Conn continued to strike S.D. and ground his face into the gravel after he was arrested and placed in handcuffs. Defendants' version acknowledges the use of force up until S.D. was arrested, but disavows the use of force after both of S.D.'s hands were placed in handcuffs. Because there is a dispute of material fact as to whether excessive (indeed, any) force was used after S.D. was handcuffed, we cannot say as a matter of law that success on S.D.'s excessive force claim would necessarily invalidate his resisting arrest adjudication, which was based on events leading up to the time he was placed in handcuffs. We therefore deny summary judgment to defendants with respect to S.D.'s claims that excessive force was inflicted after he was arrested.

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendants' motion for partial summary judgment (doc. 28). **IT IS ORDERED GRANTING** summary judgment for defendants Shaw and Klein on count four of the amended complaint. **IT IS ORDERED GRANTING** summary judgment for defendants on plaintiff S.D.'s § 1983 false imprisonment claim in count four. **IT IS ORDERED GRANTING** summary judgment for defendants on plaintiff S.D.'s excessive force claim in count four, to the extent that he alleges excessive force up to the time he was handcuffed. **IT IS ORDERED DENYING** summary judgment for defendants on plaintiff S.D.'s § 1983 excessive force claim in count four with respect to force allegedly inflicted on S.D. after he was handcuffed.

DATED this 30th day of September, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 7 -